

# THE ATTORNEY GENERAL
# OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

AUSTIN, TEXAS

April 9, 1947

Hon. John H. Winters
Executive Director
Department of Public Welfare
Austin, Texas          Opinion No. V-132

Re: Consideration of a
bequest in relation
to a recipient's el-
igibility for old age
assistance.

Dear Sir:

        We have your request for an opinion upon
the above captioned subject matter, the pertinent
parts being as follows:

        "Our recipient, whom we shall refer
    to as Mr. F, made an application for old
    age assistance in June, 1942, and has re-
    ceived assistance continuously in varying
    amounts since September, 1942. Mr. F's
    present household consists of himself, a
    son about twenty-three years of age, and
    a minor daughter about sixteen years of
    age. The daughter is in school. Mr. F
    was born on January 9, 1877, and due to a
    chronic disability and his age, he is un-
    able to perform any work from which he
    might receive remuneration. He has two or
    three brothers who have assisted him from
    time to time over a period of years. One
    brother at the present time is contribut-
    ing $7.50 a week toward his and his daugh-
    ter's support in addition to paying some
    of the utilities. Mr. F is at the present
    time receiving $37 a month old age assis-
    tance. He is living in his own home free
    of all encumbrances except perhaps de-
    linquent taxes.

        "In the spring of 1946 one of Mr. F's
    brothers died. The brother's will was pro-
    bated in June, 1946. He left one-third of

his estate to his surviving spouse,
one-third to his daughter, and the
other one-third to several persons,
among whom is our recipient of old
age assistance, Mr. F. The terms
of the will in relation to our re-
cipient are as follows:

"'I leave to my brother, S___
F___, a sum not to exceed Fifty
($50.00) Dollars per month, to be
payable to him by my said executor
so long as he shall live; it is spe-
cifically provided that said sum shall
be in such amount as not to jeopardize
any pension or other payment he may re-
ceive from any governmental source.
Once fixed, this amount shall not be
increased whether or not such pension
or other payment from any governmental
source shall continue.'

"The executor of the will is a
nephew of the decedent and of our re-
cipient, Mr. F. He stated that he
prepared the will, and he knew that
the decedent intended that the $50
should not replace the recipient's
grant but should supplement it. The
executor further explained that if the
money paid to the receipient out of
the estate affected his old age assis-
tance grant even as much as $1 that he
would receive nothing whatever from
the estate. The recipient is still on
the old age assistance rolls, and noth-
ing has been paid to him out of the es-
tate as the executor is awaiting a def-
inite answer from the department as to
what effect, if any, the payment of the
$50 or any portion thereof will have up-
on his old age assistance grant."

We shall answer your questions in the order
of their presentation.

1. As you point out, the Social Security
Act requires, as a condition to cooperation with the

State as to old age assistance, the State plan to "provide that the State agency shall, in determining need, take into consideration any other income and resources of an individual claiming old age assistance; * * *"

Section 21 of the Public Welfare Act of 1941 (H.B. 611, 47th Leg., R.S., as amended) is as follows:

"Sec. 21. The amount of assistance which shall be given under the provisions of this Act to any individual as old age assistance shall be determined by the State Department through its district or county in which the needy aged person resides with due consideration to the income and other resources of such aged person and in accordance with the rules and regulations of the State Department * * * The amount of assistance given shall provide such aged person with a reasonable subsistence compatible with decency and health, within the limitations and provisions of the Constitution of Texas as are now provided, or may hereafter be provided." (Underscoring added for emphasis.)

Section 24 of the Act provides in part as follows:

"All assistance granted under the provisions of this Act to any needy aged person, needy blind person or with respect to any dependent child shall be reconsidered as frequently as may be required by the rules of the State Department. After such reconsideration as the State Department may deem necessary or may require, the amount of assistance may be changed, or the assistance may be entirely withdrawn if the State Department finds that the recipient's circumstances have altered sufficiently to warrant such action. The State Department may at any time cancel and revoke assistance or it may suspend assistance for such period as it may deem proper, upon the grounds of ineligibility of the recipient under the provisions of this Act. * * * If at any time during the continuance of public assistance the recipient thereof becomes possessed of

income or resources in excess of the a-
mount previously reported by him, it shall
be his duty to notify the State Department
of such additional income or resources."

Again, Section 29 of the Act provides in
part as follows:

"Old age assistance, aid to the blind,
or aid to dependent children as provided
for under the provisions of this Act shall
not be transferable or assignable, at law
or in equity, and none of the money paid
or payable under the provisions of this
Act shall be subject to execution, levy,
attachment, garnishment, or other legal
process, or to the operation of any insol-
vency law; the provision of this Act pro-
viding for old age assistance, aid to the
blind, and aid to dependent children shall
not be construed as a vested right in the
recipient of such assistance; * * *"(Under-
scoring added for emphasis.)

These Federal and State statutes themselves
compel an answer to your question No. 1 to the effect
that the bequest of $50.00 per month cannot be made to
your recipient without reducing the amount he may re-
ceive through your department, or without making him
ineligible for payments.

2. Your very helpful comments appended to
your request are as follows:

"Pursuant to the provisions of the
Federal and State laws the department
has formulated policies and procedures
as set out in the departmental manual
providing for the consideration to be
given resources available to recipients.
Since the maximum amount which may be
paid to any individual out of the State
and Federal money is $45 a month and
since the total amount of State funds
available for administering the old age
assistance program and paying the assist-
ance grants is Thirty One Million Dollars
($31,000,000.00) a year, and since there
are at the present time approximately

191,824 recipients receiving old age as-
sistance in the State of Texas the neces-
sity for placing maximums on certain al-
lowable items in the recipient's budget
is obvious. Because of the limitation of
funds, a standard amount is included in
the budgets of all persons under similar
circumstances for certain needs which are
common to all recipients such as food,
clothing, household supplies, and inci-
dentals.

"Also, under certain policies of the
department a recipient is allowed in his
budget the common household expenses for
himself and his normal dependents which in
this instance would be Mr. F's sixteen
year old daughter, who is in school. In
other words, the taxes, the utilities, and
other expenses which he would have to pay
whether the dependent was in the home or
not would be included in his assistance
grant, and any income available could be
used toward meeting her needs before the
department would consider the income or
resources as being available for meeting
his needs. In determining the needs of
the dependent, however, we are governed
by the same limitations as we are for the
individual recipient.

"When the question first arose the
department advised the executor that any
available income or resource could not be
disregarded in determining eligibility and
that the department could not make any
kind of an agreement or contract or in any
way obligate the department to continue as-
sistance in any given amount since the law
requires us to consider needs and resources
on an individual basis and that the amount
will vary from time to time depending upon
the circumstances of the individual.

"We are eager to assist this aged re-
cipient if he meets eligibility require-
ments. Both the State and Federal laws pro-
vide that before a resource may be consider-
ed that it must be available; therefore, in

determining the amount of the assistance grant, we cannot consider this resource until it has actually been made available to the recipient. The recipient feels that he is in need of considerably more money than is being paid under the assistance payment. With the limited amount of money available the department cannot meet all of the needs which a recipient may feel that he has. In determining eligibility and the amount of grant the department has found that in accordance with the policies Mr. F. is tentatively eligible for a grant of $37 a month. In view of the fact that the maximum amount that may be paid to any individual is $45 a month, it is obvious that if Mr. F should receive the bequest of $50 a month, this would render him ineligible for assistance and that any amount that he should receive from the estate would affect the amount of the assistance grant. Under the policies of the department it would be necessary to deduct whatever amount he receives from the needs as determined by the department. The executor is interpreting this provision of the will as making the bequest conditioned upon the fact that the department would not alter or change the amount of the assistance grant by reason of the payment of the bequest."

Upon the statements made by you, it is obvious that your department, in following the statutes and formula of your promulgated plan, aside from any consideration of the bequest, could not pay the recipient more than a maximum of $37.00 a month, and that any amount received under the will may reduce his pension.

This leads to a consideration of your added question whether or not the Department of Public Welfare may make any definite commitment to the executor of the will with respect to allowance or consideration of such moneys bequeathed. Clearly, under the law, you cannot make a binding commitment on this matter.

Our conclusion in the whole matter is that your department should proceed in the matter of an allowance to this particular recipient as though no such bequest had ever been made, and if at any time it is called to your attention that payments thereunder have been made to the recipient you will take the same into account as required by law.

## SUMMARY

Payments received under a will by a recipient of old age assistance are required to be taken into account by the Board of Public Welfare in determining whether such payments make the recipient ineligible or merely operate to reduce the amount he may receive from the department.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS/lh

APPROVED: April 9, 1947

ATTORNEY GENERAL OF TEXAS